We are hearing Bard v. Davey, and Ms. Catron, you may proceed. May it please the Court, Heather Catron on behalf of Appellant Bard Water District. I would like to reserve five minutes for rebuttal. We are here today because of the trial court's improper dismissal of my client's breach of contract and fiduciary duty claims under a 12B6 motion which severely prejudices my client by denying it the opportunity to pursue its claims and recover what is potentially millions of dollars worth in damages to the irradiation canals in the Imperial Valley District. It is also important to remember that my client is a quasi-governmental entity, so by denying my client their right to recovery, it prejudices also the citizens of Imperial County who these ditches were meant to benefit. This 12B6 motion resulted in dismissal of both Bard's breach of fiduciary duty and breach of contract cause of actions on the grounds that Bard failed to speed a claim for relief. This is not the case. So what – where is the contract? What is the contract? The contract is – the action is on a written contract. It is the contract documents that were stamped and signed and dated by James Davian Associates and Mr. Davian. And it is a signed contract? It's signed by all parties? There is not – there's not a signature by Bard Water District on that contract. Okay. And so what does California do when it has a contract signed by one party and not signed by another? So the issue of assent to contract can be, under California law, be done by both acts or performance under contract. So the acts of the party, James Davian, by stamping and signing the documents that he wrote and then by proceeding to perform under the contract as project engineer and accepting payment of excess of $190,000, he acted to assent to the document as contract. I have the contract document looking at on page 30 of the record. Okay. This is volume 2? Yes. And I've got something that's stamped by him? Yes. And initialed? Yes. Okay. It's a hefty document. It is. Are there any pages in here in which people are expected to sign? Not in that particular document. There's no place in here? No. Now, I've got something called page 124. I've got a contract agreement that looks like there's a blank form? Yes. Okay. Is that part of the contract? Yes. Okay. And was this something that we would have expected Davian to sign or is this for somebody else? So the contract documents were also written as the bidding documents for the general contractor. The parties then utilized that writing as their contract. Okay. I'm still, I'm a little confused. I'm not exactly sure I understood that answer. So the contract documents were written by James Davian. Okay. He created the documents. They list within them the duties of the project engineer. Rather than create another document, the party, James Davian, assented to his duties under that document by stamping and signing the document and then proceeding to perform under the document. So it's not your typical contract. So this is like a contract implied in law? Is that what you're asking for? No. They agreed to utilize, they agreed to this as the contract. How do we know that they agreed? The stamp on the document and then performing under the contract. That's just by one side? Well, our side. Isn't that just a sign that he prepared it? In certain situations it can, but in this situation he used it as a sent to the terms. Who's he? I'm sorry, the appellees, James Davian and James Davian Associates. Okay. He used it with who? How do we know that anybody else agreed to this? Our client agreed to it. Did they sign it? No, but they accepted performance underneath it. Okay. So who's Ron Durme? On page 242 I have a page that has both Davian and Durme signing it. Who are those people? Ron Durme is the general manager of Barred Water District. So we do have this page where both people signed it. What does that mean? 242. Yes, so he did, we, I guess, and I apologize. Our sent to the contract was not something that I put a lot of, as much of the argument into. Well, the problem that I'm having is if you're going to have a breach of the contract, I want to make sure that you've got a contract. Yes. And this doesn't look like a contract that I've seen before when it's not signed by parties. It's not a signature page. It's not something that, I don't think it's something that refers to the parties and describes, you know, who is what. Yes. It doesn't look like the typical contract, but the parties utilized it as their contract. And there is case law where parties have utilized documents. In the example, the, I think it was the. But can you just answer this one question for me first? Yes. Page 242, what is that? Oh, these are invoices, or 242. Oh, you're looking at the. Dermot signed, he's your client, and Davey signed, and I don't know what that's for. 242 of the actual contract, not the excerpts of record. 242 of the excerpts of record. Excerpts. Yes. I mean, you did. So I guess I'd go back to Judge Bidey's question. You allege a breach of contract. I suppose you could have an implied in fact contract, but you didn't allege that. Because the contract, and I guess there is case law saying that even though it doesn't look like your typical contract, if the parties utilized it as the writing as their contract, the case or the claim is on written contract. For example, in the, let's see, I believe it was, sorry, I'm losing my track. In the Grett case, they had a written, an escrow instructions that was written by the escrow agent. It didn't look like your typical contract. They didn't act on, they didn't follow the instructions that they wrote, and the court found that that was on a written contract, despite the fact that it was. Are you using on a written contract as a term of art? Well, the statute of limitations for, okay. I just don't find anything that says, you know, this is a contract between James Davey and Barred Water District. And we will refer to Davey as the engineer or the contractor or something, and we'll refer to Barred Water District as the purchaser or the something. I'm looking for someplace that defines the terms that helps us understand this even involves Davey as opposed to just having him, having prepared the document for their use with somebody else. I can't even figure that out that he's the guy that they're referring to here. Help me figure out where that is. Well, they have the sections that say what the project engineer does, the project engineer does that. And then in later documents that were. And is there any place that says that Davey is going to be the project engineer? In subsequent documents, there is proof that he accepted to act as project engineer, as in the change orders when he signs as engineer, which under the original contract were supposed to be signed by the project engineer. Did he, in fact, perform the engineering services? He did. So he was the engineer at all times. What the suit's about is that there was a problem with engineering the designing the walls of the canal. So when the canal was constructed, there were several issues, but the main one was that inspections, testing standards were waived, which resulted in the ground not being compacted as it should have been, which is now resulting in crumbling of the ditches. Was there anything specific in terms of Davey's responsibilities? In specific? It was general engineering, right? Nothing specific. He was responsible for ensuring that the inspections happened and actually waived the inspections that he wrote in the contract that should have been completed. Inspections by whom? By Granite. I think it's Granite Construction Company. They were the general contractor on the matter. So is there a specific section that he breached? Yes. That would be sections. So in the complaint, it lists out all of the sections that we are alleging that he breached. So that's on page 8 of your complaint, paragraph 21? Yes. And I think also we need to address the issue of fiduciary duty because that was dismissed by the trial court on the grounds that we couldn't have a separate and distinct fiduciary duty without a contract. Well, so as I read your fiduciary duty claim, you're arguing that even if you don't have a contract, that you nevertheless had a fiduciary duty. Yes, that is our argument. Even assuming, for the sake of argument, because we do argue there is a contract, but even if there isn't, the responsibility and trust entrusted into the appellees created a fiduciary relationship between the parties that went above and beyond the typical engineering relationship. Okay. So your fiduciary duty does not depend in any way on finding that there was a contract between them. No. All right. You want to reserve some time? Oh, yes, yes, I'll reserve the remainder of my time. Good morning. May it please the Court. Brian Rodelick for Appellees James Davey and James Davey & Associates, Inc. I would like to first address two points raised by Judge Wardlaw related as to the first. Page 242 is not a portion of the document which the Water District alleges is the contract between the parties. It's a separate exhibit that was attached to a later version of the complaint. So the invoices themselves are not the contract document which the appellant is alleging between the parties. It's an invoice for about $30,000, and the check follows it on the next page. And my understanding, Judge Bybee, is that those services were related to preparation of the bid document and perhaps associated meetings to create, you know, what I call the bid package, what the District calls the contract document, and I believe which the District Court called the project document. But did Davey act as the engineer on this? Davey did not act as the engineer, neither him personally nor his corporation. He was just preparing documents for somebody else to sign? He was preparing the bid package so that the District could retain an engineer to perform engineering work on this project. But not him? Correct. And I identified for the District Court and for counsel when I received the complaint originally who that engineer is. So who did the engineering work? A different entity. I believe it is George Cairo Engineering, and that's cited in the record and in my answering brief. So your client, you're saying your client was not the engineer on this project? I am. Did he do, did he or his firm do any work on this project? My understanding is that it was relative to preparing the bid package for the District, which would then hire the engineer that it felt appropriate to retain for this project. So, but yet he received payments and submitted invoices? For preparation of the bid document and the different addendums. How much did he get in total? I don't know that, Your Honor. I know that it's, you referenced 30-something thousand dollars at the end of one of the exhibits. That wouldn't be very much for a project of this nature. Well, the bid package is 151 pages. Right. I mean, for preparing documents, perhaps. But if you're supervising the building of a canal, that doesn't seem like a lot of money for that kind of project. The one thing I would note to that point, Judge Bybee, is that the invoices predate the date of the bid package. So it doesn't follow that. He would be, these would be invoices for him performing services relating to testing out in the canal ditches. The other point of Justice Wardlaw was that I just wanted to address that the JDA was not the project engineer, because she had raised that. The backdrop of this case is that this is a professional negligence case. It has all of the hallmarks. There's a canal improvement project, a contractor that constructed the improvements, the engineer that designed the project, and the district that's owner. And if it's a professional negligence case, then you have a two-year statute of limitations? That's correct. And moreover, to that point, the allegations against JDA are that they failed to perform engineering services. So they might have brought a suit in tort, but they didn't. But they did bring a suit in contract and fiduciary duty. So we're sort of stuck with that, because there is a four-year statute of limitations for those claims. Is that correct? That's correct. And the reason that the district allowed the statute of limitations to run on any negligence claims against JDA is because the district elected to instead pursue the contractor, Granite Construction, for the same alleged damages in a separate litigation four years before suing JDA. And that's detailed on page 16 of my answering brief. As a result of that litigation strategy, this entire litigation has been an attempt by the district to evade statute of limitations by artful pleading that labels a cause of action as one thing. You can bring an action in contract and an action in tort in the same lawsuit. Again, they're out of time on the tort. So your client's blessed that he's not going to have to face that. He's just going to have to face the contract and fiduciary duty. So let me turn to the fiduciary duty question, because I've got some questions about that for you. So why the California cases are very clear that you can have a fiduciary duty that exists outside of a contract. And if that's the case, that's what they've pled, why can the district court dismiss it at this stage? I would, I will answer that. And I would like to take a step back as to the standard of care for an engineer. The district is attempting to enlarge this case involving fiduciary duties without the requisite loyalty and trust that such a relationship requires. This Court knows that those would all be matters of fact, wouldn't they? Well, no, Your Honor. An attorney-client relationship as a matter of law is a fiduciary one. Trustee, beneficiary, there is no recognized. Right, but the California cases also say that it also may depend on the facts of each case as to whether a fiduciary relationship has been created. So even if it doesn't fall within something standard, such as attorney-client, you might still have a fiduciary relationship. I believe that as a matter of law, the court can, which the district court did, find that there was no fiduciary duty because there was no evidence that either party assented to a principal-agent relationship. I'm sorry, is this on summary judgment or a motion to dismiss? This was on a motion to dismiss. So it's a 12b-6, so we've got to take the complaint, and you don't, we don't get to consider evidence outside of what's in the complaint. And the district court did not, Judge Bobby. The district court considered what the appellant attaches to the contract documents. Well, what Judge Miller did was say it's, there's no breach of fiduciary duty based on the contract. And that seems contrary to what California law says about fiduciary duty. As I read those California cases, it says that a fiduciary duty may exist independent of a contractual relationship. And maybe I can provide some clarity on that issue. The district attempts to allege that the agency relationship giving rise to the fiduciary duties existed solely by virtue of the appellees acting as the project engineer on this project. And that's at excerpt of Record 27. The district then asserts in the same paragraph that the fiduciary duties owed to the district were to perform, quote, the duties, responsibilities, and obligations of the project engineer memorialized in the contract, end quote. And they further say that the appellees breached those fiduciary duties by, quote, failing to perform the duties, responsibilities, and obligations of the project engineer memorialized in the project document, end quote. So these aren't really fiduciary duties at all. These are simply alleged contractual duties. Then it should be easy to beat this on summary judgment. I'm just trying to figure out how you think you can win on a 12B-6. Because the bid package that the appellate attached to the complaint as the contract document does not identify either of the appellees as being this project engineer. Right. But if they behaved in that way, it might not be a contract, but it might have created a relationship between them that was understood by them that could then be a breach of a fiduciary duty. And I would argue that if that relationship existed, there would have to be an evidence of assent by both parties to a principal-agent relationship, which there is none in the bid package. Right. But they might have done it in fact. See, the whole problem is that if we had the signatures on the document, then we'd have a contract. We wouldn't have to worry about the fiduciary duty. Right. But I would add to that that the public contract, that the bid package on its face says that it needs to be signed by all parties. The public contract code requires that when municipalities or districts like the Water District contract with private civil engineering firms to perform professional services, that has to be reduced to a writing and signed by all parties. And I believe it's section 6106. If the appellees had agreed to perform services or to be an agent to a principal of the district, that relationship would have needed to be disclosed in a writing signed by both parties. I also set forth in my brief that the claims, regardless of the breach of contract and breach of fiduciary duty issues, are barred by the statute's limitations. As to the two-year statute, I argued that, you know, the gravamen of these claims, like I introduced earlier, is really a professional negligence claim. And by simply trying to recast that as a breach of contract, which doesn't exist, or a breach of fiduciary duty, doesn't change the analysis for statute of limitations purposes. I provided further argument that the three-year statute in section 338 applies to the breach of fiduciary duty claim because they had alleged some sort of concealment of breaches in their complaint. And then as to the four-year statute, I provided analysis related to California's Certificate of Merit, which the district did not provide, an authority that if a claimant such as the district does not obtain a Certificate of Merit, their claims are effectively not filed until they do. So under the four-year, the claims would be barred as well. If there's no further questions, I think that's all I have. All right. Thank you. Thank you. Your Honors, I would just like to address a couple of the points brought up by opposing counsel, specifically with the reference to whether JDA was or was not the project engineer. The complaint alleges that he was the project engineer. It shows that we paid him as the project engineer. So even his contentions are over $190,000. We don't have the invoices attached to each. Each invoice attached to the complaint. But it boils down to the fact that that's not a matter for a 12B6 motion to dismiss. He's bringing up extraneous facts. We have to base it on the complaint. And from the complaint, JDA was the project engineer. And then as to his argument that we have not alleged an independent contractual relation or independent fiduciary duty outside of our contractual relations, it says the complaint in paragraph 28 says that the fiduciary duty was separate, distinct, and in addition to any contractual obligations owed by the parties. The reasons we included some reference to the contract documents is because we were asked by the trial court to include more information on what that fiduciary duty was. So we did. We went further into what that fiduciary duty does, what kind of things he was doing as project engineer. Further, as to the argument that it had to be our assent to fiduciary relationship had to be in writing due to the public contract code, the public contract code does not prohibit a quasi-governmental entity from pursuing its claims against a professional. That contract code deals specifically with the bidding process, the competitive bidding process, and is meant to make sure that there is fairness in the bidding process and there isn't misuse of public funds. So to say that that statute prohibits us from filing our claims against an engineer is a far stretch and is not reflected in the statute. And also, counsel has stated that we cannot bring our claims because it's just a negligence claim. Well, you can have a negligence claim and a breach of fiduciary duty claim based on the same set of facts, and I've cited case law indicating such. As to the Certificate of Merit requirement, Section 411.35 only applies to cases arising out of professional negligence. There's no cause of action for professional negligence here, and the court and the legislator clearly meant to apply it narrowly to professional negligence situations. Otherwise, they could have said arising out of any alleged wrongful conduct by an engineer or changed the language to broaden that. This is clearly only meant to apply to professional negligence claims, which we have not alleged in our complaint, whereby we didn't file a Certificate of Merit. So what do you want us to do? Are we going to be able to plead this any more artfully? Yes, I believe that we've alleged what we needed to allege, and we can continue on and show to prove our case. Is it true that you already sued another engineer for the same? No, we have not sued another engineer. We sued the contractor in another matter, the actual who actually completed the work, which is a separate matter. All right, does anybody else have any questions? Is there any other questions? All right, then we would ask that you grant our appeal, vacate, and remand to the trial court for further proceedings. Thank you. Thank you. All right, Bard, Water District v. James Davey & Associates is submitted.
judges: Wardlaw, Bybee, Bell